IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Kimberly Ward, | : | |
| Plaintiff | : | Civil Action 2:10-cv-866 |
| v. | : | Judge Graham |
| ESchool Consultants, LLC, | : | Magistrate Judge Abel |
| Defendant | : | |

**ORDER**

Plaintiff Kimberly Ward ("Ward") filed this action on September 24, 2010, alleging that she was a technical help-desk employee for Defendant ESchool Consultants, LLC who was paid less than similarly-situated male employees and who was terminated in violation of the Family and Medical Leave Act.  In its Amended Answer, Defendant denied Plaintiff's allegations, and raised several affirmative defenses, including an assertion that Plaintiff had not requested, or followed its policies concerning, FMLA leave.

This matter is before the Court pursuant to Defendant's motion to compel (Doc. 13).  Defendant states that it served upon Plaintiff requests for executed medical, employment, and Ohio Bureau of Workers Compensation authorizations, pertaining to discovery requests for documentation of Plaintiff's medical, employment, and OBWC claim history.  It avers that these materials are relevant,

1

because Plaintiff alleged in her complaint that she suffered emotional and mental distress as a result of Defendant's conduct, and that she took leave from her job because of serious health conditions. Defendant argues that it should be permitted to obtain all such relevant records, but that Plaintiff has objected to its discovery requests and asserted that she would only provide medical records dating from the beginning of her employment with Defendant. It argues further that Plaintiff has failed to respond to other discovery requests seeking a list of her health providers and contact information for certain individuals. Defendant's motion to compel requests that the Court order Plaintiff to answer its interrogatories fully and to execute authorizations for the release of medical, employment, and OBWC information. Plaintiff subsequently filed notice (Doc. 22) that she had produced what she characterized as "all of Defendant's medical records requested to date". Defendant responded that Plaintiff had failed to produce records from her current providers, and that it still sought full disclosure of all physicians, signed employment authorizations, and a signed OBWC authorization. (Doc. 24.)

    Although a medical release, subject to an attorneys' eyes only protective order, is often the easiest way to proceed with the discovery of medical records, the waiver of the physician-patient and psychotherapist-patient privilege effected by filing a lawsuit is limited to communications made by the patient to her treating source or the treating source's advice to the patient "that related causally or historically to physical or mental injuries that are relevant to issues in . . . [the] civil action . . . ." R.C. §2317.02(B)(2). For that reason, Plaintiff's counsel has the

right to procure the medical records himself, review them, and produce those relevant to the issues in this litigation.  Subject to an attorneys' eyes only protective order, Plaintiff's counsel should indicate the nature of any medical records not produced or for any redactions in medical records produced and state the reason for not producing them.  A failure or refusal on the part of Plaintiff to produce such records – including those concerning Plaintiff's current treatment – can be adjudicated as any other discovery dispute.  Defendant's motion to compel, however, does not request that production of the underlying records be compelled, but rather that Plaintiff should be ordered to execute releases.  This relief is unwarranted and unauthorized by the Federal Rules of Civil Procedure.  *Moody v. Honda of America Mfg., Inc.*, 2006 WL 1785464 at \*4 (S.D. Ohio 2006).  The Court likewise will not order Plaintiff to execute employment information or Ohio Bureau of Workers Compensation releases.  Defendant may seek such information through the ordinary use of subpoenas.

      Defendant additionally seeks full and complete answers to its Interrogatories 18-20, which seek the identities and contact information for (18) all persons who support Plaintiff's claims of wilful and malicious conduct; (19) all persons who support Plaintiff's claims of violation of the Equal Pay Act or gender discrimination; and (20) all persons who support Plaintiff's claims of termination in order to prevent Plaintiff from using or in retaliation for using, leave under FMLA.  Plaintiff responded to these by identifying several former coworkers.  (Doc. 13-1 at 7-8.)  She argues in response to Defendant's motion to compel that it is better able to locate its

own employees and former employees than she is.  Defendant rejoined that "if this information is not in her possession, then Plaintiff merely needs to advise the Defendant."  Defendant is correct that Plaintiff is obligated to respond "fully in writing" to its interrogatories.  Fed. R. Civ. P. 33(b)(3).  Nevertheless, its statements are disingenuous in that it has not indicated whether it does, in fact, possess the information in question about its own employees.  The Federal Rules contemplate that discovery requests will be deprecated where "the discovery sought... can be obtained from some other source that is more convenient".  Fed. R. Civ. P. 26(b)(2)(C)(i).  Accordingly, ordering Plaintiff to produce this information does not appear, under the facts at hand, warranted.

Defendant's motion to compel discovery (Doc. 13) is accordingly **DENIED WITHOUT PREJUDICE**.

s/Mark R. Abel
United States Magistrate Judge